KELLY J. C. GALLINGER
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
*Tel* (406) 248-2611
*Fax* (406) 248-3128

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** an Iowa Corporation, | Cause No.: CV-08-39-BU-RFC |
| Plaintiff, | |
| v. | |
| | **COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 USC §§ 2201 and 2202** |
| **JOSHUA CLAUS, DYKSTRA DAIRY FARM, INC.,** and **GALE LOOMIS** | |
| Defendants. | |

COMES NOW Plaintiff Nationwide Mutual Insurance Company (hereinafter "Nationwide"), by and through its counsel of record, and for its Complaint for Declaratory Relief alleges as follows:

**JURISDICTION**

1. Jurisdiction is founded on diversity of citizenship, 28 U.S.C. §1332. Nationwide and Defendants are citizens of different states, as alleged below. The amount in controversy exceeds

Page 1

$75,000.00, exclusive of costs, interest and attorney fees.

## PARTIES AND GENERAL ALLEGATIONS

2.  Nationwide is a corporation existing under the laws of the State of Iowa. Nationwide is authorized to transact business in Montana and regularly transacts business in Montana. The claims which give rise to this action occurred in Montana. The insurance policy which gives rise to this action was issued to Dykstra Dairy Farm, Inc., (hereinafter "Dykstra") a corporation licensed and existing under the laws of the State of Montana, with a principal place of business in Gallatin County, Montana.

3.  Defendant Dykstra, is Nationwide's named insured and is a citizen of Gallatin County, Montana.

4.  Defendant Joshua Claus (hereinafter "Claus") is a citizen of Gallatin County, Montana.

5.  Defendant Gale Loomis (hereinafter "Loomis") is a citizen of Gallatin County, Montana.

6.  Nationwide issued a Farm and Ranch Insurance Policy to Dykstra for October 27, 2007 through October 27, 2008; identified as policy no. FPK FMP 75 3 1668447 (hereinafter "the Policy"). A copy of the policy is attached hereto as Exhibit A. The Policy includes liability coverage in the amount of $1,000,000.00.

7.  On or about December 8, 2007, Defendant Claus was a passenger in a vehicle driven by Brittany Bowman and was injured in an automobile/horse collision on Montana Highway 85, otherwise known as Jackrabbit Lane, near the intersection with Cameron Bridge Road in Gallatin County, Montana.

8.  The horse involved in the December 8, 2007 collision was owned by Defendant Loomis.

9.  At the time of the December 8, 2007 collision, the horse involved in the collision was boarded by Defendant Dykstra in exchange for a monthly fee paid by the horse's owner, Defendant Loomis.

10.  On or about May 7, 2008, Defendant Claus filed suit against Defendants Dykstra and Loomis in the Eighteenth Judicial District Court, Gallatin County, in *Joshua Claus v. Dykstra Dairy Farm, Inc., Gale Loomis, and John Does I-V*; DV-08-386C. In Defendant Claus's underlying Complaint, he has asserted a general negligence and negligence per se cause of action against Defendants Dykstra and Loomis. (See "underlying Complaint" in *Joshua Claus v. Dykstra Dairy Farm, Inc., Gale Loomis, and John Does I-V*; DV-08-386C, attached as exhibit "B").

11.  Defendant Dykstra subsequently tendered the defense and indemnification of the underlying action to Nationwide. The instant declaratory judgment action arises out of the allegations and claims made in the underlying action, *Joshua Claus v. Dykstra Dairy Farm, Inc., Gale Loomis, and John Does I-V*; DV-08-386C, and shall encompass any other claims that may be asserted against Defendant Dykstra as a result of the December 8, 2007 collision.

## DECLARATORY RELIEF

12.  Nationwide incorporates paragraphs 1 through 11 above into this Count.

13.  Currently there is a dispute between Nationwide and the Defendants regarding their respective rights, duties and claims with regard to the insurance contract described above, entitling Nationwide to declaratory relief under 28 U.S.C. §2201 and 2202. These disputes include the following:

      a.      Whether the Policy provides coverage for any "bodily injury" claims made against Defendant Dykstra, and arising from the December 8, 2007 collision;

      b.      Whether the Policy provides coverage for any "property damage" claims made against Defendant Dykstra, and arising from the December 8, 2007 collision;

      c.      Whether Nationwide has a duty to defend Defendant Dykstra in the underlying action entitled *Joshua Claus v. Dykstra Dairy Farm, Inc., Gale Loomis, and John Does I-V*; DV-08-386C;

      f.      For such other issues as may arise in this litigation.

## The Terms of the Policy

14.    Under the terms and conditions of the Policy, bodily injury and property damage are covered pursuant to certain specific exclusions articulated in the Policy. The Defendants' claims for damages in this matter are excluded from coverage in accordance with the exclusions articulated in the Policy. The Policy specifically provides:

**A.**    **COVERAGES**

**COVERAGE H - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**    **INSURING AGREEMENT**

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

          1)      The amount we will pay for damages is limited as described in

        Section D. LIMITS OF INSURANCE; and

2)     Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages H or I or medical expenses under Coverage J.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided by under Supplementary Payments - Coverages H and I.

b.     This insurance applies to "bodily injury" and "property damage" only if:

1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

2)     The "bodily injury" or "property damage" occurs during the policy period; and

3)     Prior to the policy period, no insured listed under Paragraph 1. of Section C. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.     "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section C. WHO IS AN INSURED or any "employee" authorized by you to give or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.     "bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section C. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer:

      2)      Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      3)      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from "bodily injury". (FL 700 20 07 01, pgs. 1 & 2 of 23)

2. **EXCLUSIONS**
This insurance does not apply to:
\*\*\*

**n.**    **Use of Livestock or Other Animals**

"Bodily injury" or "property damage" arising out of:
1)    Any equine related "business" activities, including but not limited to equine training riding instruction, exhibitions, competition, racing or breeding services, or the use of any premises for livery stables, rental equines, dude ranching or equine boarding. (FL 700 20 07 01, pg. 6 & 7 of 23)

**o.**    **Business Pursuits**

"Bodily injury" or "property damage" arising out of or in connection with a "business" engaged in by an insured. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business".

This exclusion does not apply to an insured minor involved in self-employed "business" pursuits that are occasional or part-time and customarily undertaken on that basis by minors.

A minor, as used in this exception, means a person who has not attained his or her:

1)    18th birthday or
2)    21st birthday if a full-time student.

But in the event of "property damage" to which this exclusion may apply, the

person who sustains the "property damage" must be someone other than an insured. (FL 700 20 07 01, pg. 7 of 23)

    **p.**    **Professional Services**

"Bodily injury" or "property damage" arising out of the rendering of, or failure to render, professional services by an insured. (FL 700 20 07 01, pg. 7 of 23)

    **q.**    **Custom Farming, Custom Feeding and Farm Management**

"Bodily injury" or "property damage" arising out of an insured's performance of, or failure to perform:

    1)    "Custom farming" operations of any kind, except as provided under Section B., Additional Coverage 5. Custom Farming
    2)    "Custom feeding" of "livestock" by an insured unless specifically endorsed; or
    3)    "Farming" operations of another pursuant to a "farm management" contract or agreement, whether written or oral. (FL 700 20 07 01, pg. 7 of 23)

\*\*\*

    **v.**    **Damage to Property**

"Property damage" to:

\*\*\*

    4)    Personal property in the care, custody or control of the insured. (FL 700 20 07 01, pg. 8 of 23)

**F.**    **DEFINITIONS**

\*\*\*

3.    **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.    **"Business"** means;
    a.    Any full time or part time trade, profession, occupation, or commercial enterprise or activity for profit;
    b.    Any activities in connection with an agricultural cooperative or not for profit corporation, but does not include "framing" .

\*\*\*

7.  **"Custom feeding"** means the raising of feeding of "livestock" for others on an "insured location".

\*\*\*

12. **"Farming"** means the operation of an agricultural or aquacultural enterprise.

\*\*\*

21. **"Occurrence"** means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

25. **"Property damage"** means:
    a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that causes it; or
    b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the " occurrence" that caused it.

\*\*\*

31. **"Suit"** means a civil proceeding in which damages because of "bodily injury", "property damage" "personal and advertising injury" to which this insurance applies are alleged. (FL 700 20 07 01, pgs. 19 through 23 of 23)

15. In the instant case coverage under the Policy for any "bodily injury" or "property damage" arising out of the December 8, 2007, motor vehicle/horse collision is clearly precluded by the pertinent exclusions contained in the Policy, as Defendant Dykstra was boarding the horse involved in the collision as part of an equine business and was providing professional services in boarding and feeding the horse.

**WHEREFORE Nationwide** seeks declaratory relief in the following manner:

1)  That the Policy does not provide coverage for any "bodily injury' claims made against Defendant Dykstra arising out of the December 8, 2007 collision;

2) That the Policy does not provide coverage for any "property damage" claims made against Defendant Dykstra arising out of the December 8, 2007 collision;

3) That Nationwide does not have a duty to defend Defendant Dykstra in the underlying action entitled *Joshua Claus v. Dykstra Dairy Farm, Inc., Gale Loomis, and John Does I-V*; DV-08-386C;

4) For such other declaratory relief as the Court deems just and equitable under the circumstances.

DATED this 3rd day of June, 2008.

BY   /S/ Kelly J. C. Gallinger
KELLY J. C. GALLINGER
BROWN LAW FIRM, P.C.
*Attorneys for Plaintiff*